COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

TONI WOOD

                                          MEMORANDUM OPINION[*]
v.   Record No. 1147-97-4                      PER CURIAM
                                          AUGUST 26, 1997
DIANA CARR SNIPES
AND
LEROY EDWARD SNIPES

            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                    James H. Chamblin, Judge

         (Alan J. Cilman, on brief), for appellant.

         No brief for appellees.


     Toni Wood appeals the circuit court's denial of her petition
to intervene in divorce proceedings between Diana Carr Snipes and
Leroy Edward Snipes.[1]  Wood contends that she has suffered
damages because she was falsely accused of having an adulterous
relationship with Leroy Snipes, the defendant in the pending
action.  She raises two issues on appeal:  (1) whether she was
entitled under Rule 2:15 to intervene in the divorce proceeding;
and (2) whether she was entitled to sequester all records.  Upon
reviewing the record and opening brief, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Wood styles her opening brief "Petition for Writ of
Mandamus/Appellant's Opening Brief."  Wood has not followed the
correct procedures to file a petition for writ of mandamus.  See
Code § 8.01-644 et seq.  Accordingly, we do not treat this matter
as a petition for writ of mandamus.

decision of the trial court.  Rule 5A:27.[2]

## Intervention

Rule 2:15 provides that "[a] new party may by petition filed by leave of court assert any claim or defense germane to the subject matter of the suit."  The trial court denied Wood's motion to intervene.  We find no abuse of discretion in the court's decision.  Wood's claims of damage are not germane to the subject matter of the suit, <u>i.e.</u>, Diana Snipes' action for divorce against Leroy Snipes.  Moreover, broadening the divorce case to encompass Wood's claims for damage would be merely tangential to the main action.  Any rights Wood has are not defeated by the denial of her motion to intervene in the underlying suit for divorce.  <u>See</u>, <u>e.g.</u>, <u>Stubbs v. Cowden</u>, 179 Va. 190, 18 S.E.2d 275 (1942).

## Closing Records

> The Supreme Court of Virginia has stated that, [i]n light of the legislative history of Code § 17-43 and its common-law underpinnings, . . . subject to statutory exceptions, a rebuttable presumption of public access applies in civil proceedings to judicial records . . . .  [T]o overcome that presumption, the moving party must bear the burden of establishing an interest so compelling that it cannot be protected reasonably by some measure other than a protective order . . . .

---

[2]We assume jurisdiction over this matter pursuant to Code § 17-116.05(4)(ii).  <u>Cf.</u> <u>Jones v. Rhea</u>, 130 Va. 345, 369, 107 S.E. 814, 822 (1921) (the circuit court's "order rejecting the application of the petitioners to intervene in the pending proceeding, and excluding them entirely from participation therein, was certainly, as to them, a final order").

2

<u>Shenandoah Pub. House, Inc. v. Fanning</u>, 235 Va. 253, 258-59, 368 S.E.2d 253, 256 (1988). Wood alleged that "she has had to endure suspicious looks, office gossip and impairment of her career" and that the records are available to "people who may be investigating [Wood] for security, credit or other sensitive matters . . . ." We cannot say that the record before us demonstrates that Wood has such a compelling interest in closing the judicial records that the trial court erred in denying closure.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>